**In re JEFFERSON INVESTMENT CO., Debtor.**

**Bankruptcy No. 89–43031–172.**

United States Bankruptcy Court, E.D. Missouri, E.D.

March 18, 1993.

Robert J. Blackwell, St. Louis, MO, Trustee.

Eugene Portman, Clayton, MO, for debtor.

Michael A. Campbell, St. Louis, MO, for First Nationwide Bank.

Larry E. Parres, St. Louis, MO, for Boatmen's Nat. Bank.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matters being considered here are: (1) the Second Motion of First Nationwide Bank ("First Nationwide") for turnover of rents and for the payment of administrative expenses; (2) the Motion of First Nationwide Bank to tax costs; and (3) certain requests remaining in the Trustee's "Motion For Determination As To Payments", filed on March 7, 1990. The Chapter 7 Trustee has orally objected to both motions filed on behalf of First Nationwide. At the hearing on these matters, Boatmen's National Bank of St. Louis ("Boatmen's") provided certain oral argument as with respect to its claim that it holds an additional administrative expense claim. However, Boatmen's has not requested payment of this claim. The matters were submitted to the Court upon the pleadings and the oral argument by Counsel.

This case was commenced by the filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on July 21, 1989. The Debtor continued to operate its business (described in the Bankruptcy Schedules and Statements as "Real Estate") until the case was converted to a liquidating case under Chapter 7 as of October 10, 1989. Robert J. Blackwell was appointed Chapter 7 Trustee immediately thereafter. On November 7, 1989, the Court entered an Order that granted the Trustee's request to operate the Debtor's business for a limited purpose retroactive to October 10, 1989. The Trustee's authority to operate the business was terminated by the Court on November 30, 1989. On the same date, First Nationwide and Boatmen's were granted relief from the automatic stay to permit foreclosure on certain of the Debtor's real property.

First Nationwide has presented several requests in its motions. It has requested a turnover of rents (approximately $550.00) received by the Chapter 7 Trustee after November 30, 1989, when the Trustee ceased operating the business and after First Nationwide took certain actions to obtain possession of the real property. This request was granted by an Order entered on October 29, 1992.

First Nationwide has also requested payment of its claim for an administrative expense as follows:

| | |
|---|---|
| Utility expenses and tuck pointing for 728 Syracuse not paid by the Trustee | $1,325.99 |
| Utility expenses for 734 Syracuse Avenue not paid by the Trustee | 650.39 |
| Utility expenses for 728 Syracuse Avenue which have been paid by First Nationwide | 1,093.06 |
| Utility expenses for 734 Syracuse Avenue which have been paid by First Nationwide | 417.03 |
| Replacement of a boiler at 728 Syracuse Avenue by an individual hired by First Nationwide | 4,185.00 |

■ Although the copies of the statements submitted in support of the amounts owed for these utility services list the street addresses of the Debtor's property as the locations where service was delivered, the statements were addressed and mailed to several other non-Debtor entities including: Albert Rimmel, Inc., Rimmel & Crews, Inc., Rimmel Real Estate Company, Ruland Brothers & Albert Rimmel, Albert Rimmel Realty, Greystone, Rimmel Realty, and A. Rimmel, Inc. In some instances, the dates included within a particular billing period on the statements appear to predate the commencement of this case.

The statement for the tuck pointing services is not directed to the Debtor, but rather to Larry Margulis who is not otherwise identified. Based on the record before the Court at this time, the utility expenses are not debts to be paid from assets of this estate. Notwithstanding the failure of the record to establish that these are debts of this Debtor, First Nationwide has argued that the expenses should be allowed as administrative expenses of preserving the estate pursuant to 11 U.S.C. § 503(b)(1)(A).

■ In general, the purpose of Sections 503 and 507 (Priorities) is to facilitate the rehabilitation of insolvent businesses by encouraging third parties to provide those businesses with necessary goods and services. *In re United Trucking Service, Inc.,* 851 F.2d 159, 161 (6th Cir.1988). Another purpose of these sections is to prevent unjust enrichment of the bankruptcy estate; it is not designed merely to compensate creditors. *In the Matter of Retsod, Inc.,* 99 B.R. 499, 19 Bankr.Ct.Dec. (CRR) 181 (Bankr.M.D.Ga.1989).

> Administrative expense payment is a priority afforded to those who either assist in the preservation and administration of the estate, or who aid the debtor's rehabilitation to the *benefit of all creditors.* (emphasis added.)

*In re SMB Holdings, Inc.,* 77 B.R. 29, 32 (Bankr.W.D.Pa.1987).

The Trustee was authorized to continue operation of the Debtor's business after entry of the Order For Relief under Chapter 7 so that he could determine the various legal obligations flowing from the bankruptcy estate to the tenants; to determine whether or not the properties could be sold or the leases assumed; to determine what was necessary to wind down the Debtor's affairs; to collect rents; and to perform necessary maintenance, including repairs to the boiler which in November, 1989 were estimated to cost between $200.00 and $400.00. *Trustee's Emergency Motion to Continue Operation,* filed November 6, 1989. This motion was filed at a time when no entity other than the Debtor or the Chapter 7 Trustee held an enforceable right to immediately receive the post-conversion rents. The request to replace the boiler rather than to make repairs was made by First Nationwide. *Affidavit of William D. Mauller, Jr.,* Exhibit 6 to First Nationwide's Second Motion For Turnover, filed June 15, 1990.

■ The Chapter 7 Trustee has reported that he has collected approximately $8,902.43 during his administration of this estate. Substantially all of this money was received in the form of rent payments from tenants of the Debtor's building. On consideration of the record as a whole the Court has determined that, even though the problems with the boiler may have begun in November, 1989, the boiler was not replaced until after First Nationwide was granted relief from the stay and the bankruptcy estate interest in the real property was abandoned. The replacement of the boiler was a benefit to First Nationwide as the holder of a deed of trust who had been granted relief from the stay to foreclose on the real property. The record does not support the contention that the boiler replacement was of any significant benefit to *all* creditors of this estate. Similarly, it has not been shown that the utility bills that are not debts of this Debtor should otherwise be paid from assets of this estate or that such expenses were of any significant benefit to *all* creditors.

■ First Nationwide has also requested allowance of an administrative expense for

certain costs incurred in connection with the depositions of three individuals "on behalf of Boatmen's Bank and First Nationwide Bank." *Motion To Tax Costs*, Motion G, filed on June 15, 1990. The record has not established that the depositions were beneficial to the estate. Therefore,

■ **IT IS ORDERED** that this matter is concluded; and that the motion of First Nationwide (**Motion H**) is granted in part and denied in part, in that any rents collected by the Trustee after the estate interest in the real property was abandoned are to be turned over to First Nationwide; and

That the motion of First Nationwide to pay the full cost of the replacement of a boiler at 728 Syracuse Avenue as an expense of administration pursuant to 11 U.S.C. § 503(b) (**Motion H**) is denied; and that First Nationwide is allowed a Chapter 11 priority expense of administration for preservation of estate assets in the amount of $400.00; and

That the motion of First Nationwide to pay the utility and tuck pointing bills or for reimbursement of such payments as described in the motion (**Motion H**) is denied; and

That the motion of First Nationwide to tax the cost of certain depositions against this estate (**Motion G**) is denied; and

That the rents collected by the Trustee are to be administered upon as assets of this estate subject to payment of allowed administrative expenses; and

That to the extent not determined by this Order or other Orders previously entered, all other requests in this matter on behalf of the Trustee, (**Motion E**), on behalf of First Nationwide and on behalf of Boatmen's Bank are denied without prejudice.